IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| United States of American | ) | CASE NO.: 8:22cr702 |
| | ) | |
| v. | ) | |
| | ) | **MOTION FOR BOND** |
| Jonathan Trent Patterson, | ) | |
| Defendant | ) | |
| | ) | |

The Defendant, Jonathan Trent Patterson, by and through undersigned counsel, William G. Yarborough III, hereby moves this Court to set bond and order the pre-trial release of the Defendant due to the extraordinary delay by the BOP to comply with this Court's order to provide an additional competency evaluation of the Defendant.

**I.     BACKGROUND**

The Defendant was charged with one count of threat of injure in violation of 18 U.S.C. 875(c) in June 2022. The Defendant waived detention hearing with the right to revisit and moved for a psychiatric exam with consent of the Government on June 8, 2022. This Court granted the motion and ordered that the Defendant be evaluated to determine competency as well as to determine whether at the time of the alleged criminal conduct, he was suffering from a mental disease or defect that rendered him unable to appreciate the wrongfulness of his actions. (ECF # 25). The Defendant was later transported to FMC - Fort Texas where he was evaluated from June 28, 2022 through August 19, 2022.

A report was prepared and presented to this Court on September 15, 2022. (ECF# 45). As noted in the report, the Defendant was found to be suffering from "a neurodevelopmental

disability that impairs his legal understanding and decision-making, and his ability to properly aid in his defense." His diagnosis of Attention-Deficit Hyperactive Disorder (ADHD) and Autism Spectrum Disorder were found to "impair his rational understanding and ability to hypothetically reason through ways in which he can collaboratively work with his attorney on his defense." Dr. Lacie Biber further opined that his mental disease, Autism Spectrum Disorder in particular, "appears to impair his rational understanding of the case, and his ability to cooperate with counsel." It was reported that Defendant's prognosis depended upon "his ability to increase rational decision-making without the risk of purely acquiescing to whatever advice he is given" and that he would "likely benefit from education in the form of repetition regarding some domains of his legal circumstances." Dr. Biber recommended that he be "ordered to undergo an additional period of evaluation and treatment at a Federal Medical Center with the BOP pursuant to 18 U.S.C. § 4241(d) for a reasonable period of time, not to exceed 120 days."

Without objection to the findings of the psychiatric report, this Court found the Defendant not competent to proceed on September 23, 2022. (ECF # 50). On September 27, 2022, this Court ordered the Defendant to undergo further psychiatric evaluation to determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the case to proceed. (ECF # 52). Specifically, it was ordered that the Defendant be committed to the custody of the Attorney General under § 4241(d) to be hospitalized in a suitable facility for a reasonable period of time, not to exceed 120 days, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the case to proceed. Additionally, this Court ordered that within 120 days from the date of his arrival at the facility, a report be made on his mental competency, and if he is incompetent at that time, that his prognosis be made regarding the

restoration to mental competency within a reasonable time.

On December 21, 2022, the Defendant's Counsel was notified that the Defendant had not yet begun the evaluation as ordered by this Court on September 27, 2022 due to wait time. The Defendant is currently waiting to be transported to MCC Chicago Restoration in an effort to accelerate the process due to the reported current wait times at FMC's. Nothing further has been provided regarding the estimated amount of wait time before the Defendant will be evaluated.

## II.

As of today, the Defendant has yet to begin his evaluation as was ordered by this Court more than four (4) months ago. While some delay is not uncommon and even expected in this situation, the exorbitant delay in this case is unreasonable and further commitment of the Defendant would be illegitimate pursuant to the established constitutional dimensions of competency-related confinement. *See e.g., Jackson v. Indiana,* 406 U.S. 715(1972) (holding an "indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial...does not square with the Fourteenth Amendment's guarantee of due process."). Moreover, it is not as though the delay to comply with this Court's order can be reasonably explained. The Defendant's initial psychiatric evaluation was performed at FMC-Fort Worth. Yet the BOP has relayed that the delay stems in part from the need for the Defendant to be evaluated at a *medical* facility specifically, this Court's order directed that the Defendant be placed in a suitable facility to undergo the evaluation. No sufficient explanation has been provided as to why FMC-Fort Worth, the facility of his initial evaluation, is not a suitable facility where the evaluation can be

3

conducted without reasonable time. Indeed, throughout this time, the Defendant has thus been at a facility with mental health professionals that could have performed the evaluation without transporting him to yet another federal facility, such as the proposed transport to MCC Chicago Restoration. Another alternative option remained that the Attorney General could have retained non-BOP mental health professionals to perform the §4241 evaluation in a timely manner at FMC-Fort Worth. With these clear options, the more than four-month delay in this case was unreasonable. His commitment pursuant to §4241 has expired and is thus no longer active or legitimate.

Additionally, the continued detention has been nothing but detrimental to the Defendant. This is a young man with untreated mental and emotional problems who has been made even more vulnerable by being housed with older convicted adults. This setting can only exacerbate these issues.

In light of the foregoing, the Defendant respectfully moves this Court to set bond and grant pre-trial release.

Respectfully submitted,

By: s/ William G. Yarborough, III

Federal Bar # 5192
William G. Yarborough III, Attorney at Law, LLC
308 West Stone Avenue
Greenville, South Carolina 29609
864-331-1612   |   bill@wgylaw.com

Counsel for Defendant

4

5