IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 8:22-cr-702 TMC |
| | ) | |
| vs. | ) | |
| | ) | **REPLY TO SECOND MOTION** |
| JONATHAN TRENT PATTERSON | ) | **FOR BOND** |

Now comes the undersigned counsel for the government in opposition to the Defendant's request for bond based on the information set forth below. ECF # 54.

On August 9, 2022, the Defendant was indicted in Greenville, South Carolina, with nine (9) counts of sending threats to injure other persons to multiple schools in South Carolina, Ohio, and Nebraska. ECF # 35. The Defendant was detained after arrest without bond on June 8, 2022, and the Defendant moved for a psychiatric examination which the Court granted. ECF # 20. The Defendant was transported to the Bureau of Prisons and the examination was performed between June and August 2022 which resulted in a report deeming him incompetent at present. ECF ## 45, 50.

Based on the that determination the government moved for the Defendant to be returned to the BOP for attempt to restore competency which the Court ordered on September 27, 2022. ECF ## 50, 52.

Based on the BOP's current patient capacity for this type of examination the Defendant is being held awaiting an opening at his designated facility of MCC Chicago Restoration. This facility was chosen by the BOP based on a shorter wait time for treatment than one the Defendant was initially destined for.

1

The BOP designates which facilities its referred patients are transferred to. Not all facilities provide the same treatment/examination and spaces do not stay open once an inmate leaves the facility. The government agrees that an "indefinite commitment of a defendant solely on account of incompetency to stand trial" would be unfair. *Jackson v. Indiana*, 406 U.S. 715, 725-727. (1972). In *Jackson*, an incompetent defendant was committed to an Indiana state facility indefinitely "until sane" that was in effect indeterminate." That detainment was determined to run afoul of the due process clause. <u>Id</u>, 731

However, that is not the situation presented in the Defendant's case. The Defendant is only being detained while attempts to restore his competency are undertaken, not indefinitely. According to the U.S. Marshall's Office, the Defendant is currently being housed at their facility in Irwin, Georgia, and has access to medical assistance for any needs while there. The four-month (120 day) period begins upon his arrival at the designated examination facility as this Court knows having dealt with the same issue in another case.

As for the Defendant's overall detention, the government initially moved and will continue to move for the Defendant's detainment pending an ultimate disposition of this case due to the violent, disturbing nature and substantial number of threats he made to others.

According to the United States Marshall's Office on February 8, 2023, the Defendant's assignment status has recently been updated for his arrival at MCC Chicago on March 13, 2023. There he will undergo the restoration efforts.

Fortuitously, the arrival date in March should now resolve the current issue of his detainment time for the mental health restoration and responsibility assessment.

                      Respectfully submitted,

                      ADAIR FORD BUROUGHS
                      UNITED STATES ATTORNEY

                      By: s/Max Cauthen, III
                      Max Cauthen, III
                      Assistant United States Attorney
                      DC# 6732
                      55 Beattie Place, Suite 700
                      Greenville, SC 29601

February 8, 2023